**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 14-4403**

───────────────

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

ALFONSO CARNEY,

               Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:13-cr-00232-REP-1)

───────────────

Submitted: November 20, 2014     Decided: November 24, 2014

───────────────

Before KING and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────────

Affirmed in part and dismissed in part by unpublished per curiam opinion.

───────────────

Michael S. Nachmanoff, Federal Public Defender, Frances H. Pratt, Paul G. Gill, Assistant Federal Public Defenders, Alexandria, Virginia, for Appellant. Stephen Wiley Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alfonzo Carney appeals his convictions and 115-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2012), and distribution and possession with intent to distribute cocaine base, 21 U.S.C. § 841 (2012). On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the magistrate judge adequately complied with Fed. R. Crim. P. 11 in conducting the plea colloquy. The Government has moved to dismiss the appeal, citing Carney's waiver of appeal rights in his plea agreement. Carney was informed of his right to file a pro se supplemental brief but has not done so. For the reasons that follow, we affirm in part and dismiss in part.

We review de novo the validity of an appeal waiver. United States v. Copeland, 707 F.3d 522, 528 (4th Cir.), cert. denied, 134 S. Ct. 126 (2013). "We generally will enforce a waiver . . . if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks and alteration omitted). A defendant's waiver is valid if he agreed to it "knowingly and intelligently." United States v. Manigan, 592 F.3d 621, 627

2

(4th Cir. 2010). Our review of the record leads us to conclude that Carney knowingly and voluntarily waived the right to appeal any sentence within the statutory maximum. Because the district court imposed a sentence below the statutory maximum on both counts, we grant in part the Government's motion to dismiss and dismiss the appeal of Carney's sentence.

Although Carney agreed to waive his right to appeal his convictions in his plea agreement, a defendant's waiver of appellate rights in any event cannot foreclose a colorable constitutional challenge to the voluntariness of the guilty plea. See, e.g., United States v. Attar, 38 F.3d 727, 732–33 & n.2 (4th Cir. 1994). Here, Carney challenges the validity of his guilty plea. Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant comprehends, the nature of the charge to which he is pleading guilty, the maximum possible penalty he faces, any mandatory minimum penalty, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the plea is voluntary, supported by an independent factual basis, and not the result of force, threats, or promises outside the plea agreement. Fed. R. Crim. P. 11(b)(2), (3).

Because Carney did not assert in the district court any error in the plea proceedings, we review the adequacy of his plea colloquy for plain error. United States v. Massenburg, 564 F.3d 337, 342 (4th Cir. 2009). To establish plain error, Carney must demonstrate that (1) the district court erred, (2) the error was plain, and (3) the error affected his substantial rights. Henderson v. United States, 133 S. Ct. 1121, 1126 (2013). In the guilty plea context, an error affects a defendant's substantial rights if he demonstrates a reasonable probability that he would not have pled guilty but for the error. Massenburg, 564 F.3d at 343. Even if these requirements are met, we will "exercise our discretion to correct the error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Nicholson, 676 F.3d 376, 381 (4th Cir. 2012) (internal quotation marks omitted).

Our review of the record reveals that the magistrate judge substantially complied with the requirements of Rule 11 in conducting the plea colloquy.[*] While the record discloses that the magistrate judge did not expressly ask Carney whether he had been forced or threatened into pleading guilty, see Fed. R.

---

[*] Carney consented to having a magistrate judge preside over the Rule 11 proceedings.

4

Crim. P. 11(b)(2), we are satisfied that any error did not affect Carney's substantial rights. See Massenburg, 564 F.3d at 343. The magistrate judge otherwise complied with the requirements of Rule 11, ensuring that the plea was knowing, voluntary, and supported by a factual basis. We therefore find the plea valid and enforceable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Carney's convictions and dismiss the appeal as to his sentence. This court requires that counsel inform Carney, in writing, of the right to petition the Supreme Court of the United States for further review. If Carney requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Carney. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART